IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM C. COLLINS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| | ) | |
| SEQUIUM ASSET SOLUTIONS, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8, plaintiff William C. Collins, Jr., respectfully shows the Court the following:

## Parties, Jurisdiction and Venue

1.      Mr. Collins is an individual and a resident of the State of Georgia. Mr. Collins is a "consumer" under 15 U.S.C. § 1681a(c).

2.      Defendant Sequium Asset Solutions, LLC ("Sequium") is a Georgia limited liability company.  Sequium is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Registered Agent Solutions, Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

3.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq.*, which is also known as the Fair Credit Reporting Act ("FCRA").

4.      Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) and Local Rule 3.1B(1)(a) and (3).

Factual Background

5.      In July 2020, Mr. Collins checked his credit score on his online banking application. He learned that his credit score plummeted.

6.      Mr. Collins investigated to determine the reason for the decline.

7.      He obtained copies of his credit reports from Equifax, Experian, and TransUnion.

8.      When he reviewed his credit reports, he saw that inaccurate and derogatory information appeared on each of them. Specifically, each report contained a collection account in which Defendant Sequium reported that Mr. Collins owed $211 to Comcast.

9.      Mr. Collins knew that he did not have an account with Comcast, and that he did not owe Comcast any money.

10.    In an effort to correct the inaccurate, derogatory information on his reports, Mr. Collins exercised his rights under Section 611 of the FCRA and disputed the information to Equifax, Experian, and TransUnion.

11.    In response to Mr. Collins' disputes, Equifax and Experian promptly corrected their reports.

12.    However, on August 19, 2020, TransUnion sent Mr. Collins a letter in which it indicated that its investigation revealed that the disputed item was "verified as accurate". TransUnion's letter further indicated that the disputed inaccurate and derogatory information was provided by "Sequium Asset Solutions, Inc."

13.    Under the FCRA, Sequium was obligated to conduct a reasonable reinvestigation of Mr. Collins' dispute. Sequium failed to conduct a reasonable reinvestigation of Mr. Collins' dispute by (i) failing to confirm Mr. Collins' identity, (ii) failing to confirm the identity of the person who actually applied for and received the Comcast service at issue and (iii) failing to confirm that Mr. Collins had never resided in the location where the Comcast service was provided. Instead, Defendant merely confirmed the accuracy of the information it furnished to TransUnion, making no investigation whatsoever of Mr. Collins' dispute.

14.     Specifically, Sequium's failure to conduct a reasonable reinvestigation of Mr. Collins' dispute violated 15 U.S.C. § 1681s-2(b).

15.     As a proximate result of Sequium's violation of the FCRA, which is alleged above, Mr. Collins has suffered emotional distress in the form of sleeplessness, anxiety, inability to focus, feelings of helplessness, humiliation and embarrassment.

### Count 1 – Violation of 15 U.S.C. §1681s-2(b)

16.     Sequium negligently or willfully failed to (i) conduct a reasonable reinvestigation of Mr. Collins' disputes and (ii) correct the inaccurate information it furnished to TransUnion after receiving notice of Mr. Collins' dispute.

17.     As a proximate result, Mr. Collins has suffered actual damages in an amount to be proven at trial.

18.     In the alternative and as a result of Sequium's reckless and willful violation of 15 U.S.C. § 1681e(b), Mr. Collins is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. § 1681n(a)(1)(A).

19.     As a result of Sequium's reckless and willful violations of 15 U.S.C. § 1681s-2(b), Mr. Collins is entitled to recover punitive damages as allowed by 15 U.S.C. § 1681n(a)(2).

20.     Mr. Collins is also entitled to recover the costs of this action and his reasonable attorneys' fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Mr. Collins respectfully prays that the Court:

1.     Issue process to Defendant;

2.     Conduct a trial by jury of all claims asserted herein;

3.     Enter judgment in favor of Mr. Collins as consistent with the jury's verdict; and

4.     Grant Mr. Collins such other and further relief as it deems just and necessary.

This 12th day of October, 2020.

**MCRAE BERTSCHI & COLE LLC**
1872 Independence Square, Suite D
Dunwoody, Georgia 30338

*/s/ Charles J. Cole*
Craig E. Bertschi
Georgia Bar No. 055739
ceb@mcraebertschi.com
678.999.1102

Charles J. Cole
Georgia Bar No. 176704
cjc@mcraebertschi.com

678.999.1105

*Counsel for Plaintiff*